# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | NO. 1:11-CR-343 |
| v. : | |
| : | (JUDGE Conner) |
| RONALD BELCIANO and : | |
| ALBERT KANZINGER, : | |
| Defendants. : | |

**FILED**
**HARRISBURG, PA**

### INDICTMENT

NOV 30 2011

THE GRAND JURY CHARGES THAT:

MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

## COUNT I
(Criminal Conspiracy to Distribute and PWID Marijuana)

From at least as early as on or about September 2011, the exact date being unknown to the Grand Jury, and continuing to at least as late as on or about November 4, 2011, in Cumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**RONALD BELCIANO and**
**ALBERT KANZINGER,**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to knowingly and intentionally manufacture, distribute and possess with the intent to manufacture, distribute and dispense 100 kilograms and more of a mixture and

substance containing a detectable amount of marihuana, a Schedule I controlled substances and in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT II
(Laundering of Monetary Instruments)

On or about November 4, 2011, in Cumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**RONALD BELCIANO** and
**ALBERT KANZINGER,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: **RONALD BELCIANO** provided **ALBERT KANZINGER** $1,184,340 in United States currency, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the specified unlawful activity and did aid, abet, counsel, command, induce and procure the same.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT III
(Conspiracy to Launder Monetary Instruments)

Beginning on or about September 2011, and continuing until on or about November 4, 2011, in the Middle District of Pennsylvania, and elsewhere, the defendants,

**RONALD BELCIANO** and
**ALBERT KANZINGER**,

did conspire and agree with one another and with others known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Section 1956, as follows: to conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of 18 United States Code, Section 1956(a)(1).

All in violation of Title 18, United States Code, Section 1956(h).

THE GRAND JURY FURTHER ALLEGES THAT:

## **FORFEITURE ALLEGATION**
(Title 21, United States Code § 853)

1.  The allegation contained in Count I of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.  Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendant, Ronald Belciano, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

    a.  The premises located at 1833 Montgomery Avenue, Villanova, Pennsylvania 19085;

    b.  $1,184,340 in United States currency;

    c.  $2,582,920.00 in U.S. currency;

3.  If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

*Peter J. Smith*
PETER J. SMITH
United States Attorney

Date: 11/30/11